UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD CARRODINE,

      Petitioner,                    Civil No. 2:11-CV-15587
                                          HONORABLE VICTORIA A. ROBERTS
v.                                  UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

      James Edward Carrodine, ("Petitioner"), confined at the Macomb Correctional

Facility in New Haven, Michigan, filed a petition for a writ of habeas corpus pursuant to

28 U.S.C.§ 2254.  In his *pro se* habeas petition, Petitioner challenges his conviction and

sentence for first-degree felony murder, M.C.L.A. 750.316(1)(b); and first-degree

criminal sexual conduct, M.C.L.A. 750.520b.  For the reasons that follow, the petition for

writ of habeas corpus is DENIED.

### I.  Background

      A jury convicted Petitioner of the above offenses in Genesee County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals.  These facts are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

      Defendant's convictions arose from the 1997 murder and sexual assault of a

1

14-year-old girl. Although the initial police investigation did not lead to any suspects, various items of physical evidence were submitted for retesting in 2003, and led to the discovery of a seminal stain on the victim's sock. A DNA profile was developed and entered into the Combined DNA Indexed System (CODIS). In 2005, a CODIS hit led to defendant. Additional testing confirmed the presence of defendant's DNA on the victim's sock. Defendant was interviewed in May 2006. He stated that he was at work at the time the victim was killed, but that he knew who killed her. Following his interview, defendant was arrested. At trial, a witness contradicted defendant's claim that he was working at the time of the offense. In addition, two witnesses who shared a jail cell with defendant testified that defendant told them that he had killed a young girl.

*People v. Carrodine,* No. 289802, * 1 (Mich.Ct.App. May 20, 2010).

Petitioner's conviction was affirmed on appeal. *Id; lv. den.* 488 Mich. 872; 788 N.W.2d 450 (2010); *reconsideration den.* 488 Mich. 997; 791 N.W.2d 446 (2010).

Petitioner seeks habeas relief on the six grounds that he raised in the state courts on his direct appeal; whether: (i) Petitioner's conviction is against the great weight of the evidence; (ii) the delay in arresting Petitioner violated his due process rights; (iii) Petitioner clearly and unequivocally requested to speak with an attorney during police interrogation; (iv) trial counsel was ineffective for failing to request a jury instruction on mere presence; (v) the prosecutor committed misconduct during closing argument; and (vi) Petitioner is entitled to habeas relief based on cumulative error.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

2

any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly established
> Federal law, as determined by the Supreme Court of the
> United States; or
> (2)    resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000).  An "unreasonable application" occurs when "a state court decision unreasonably

applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A

federal habeas court may not "issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a

'highly deferential standard for evaluating state-court rulings,' and 'demands that

state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855,

1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v.*

3

*Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

    "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims previously rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Thus, a "readiness to attribute error [to a

4

state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, in reviewing Petitioner's claims, this Court must remember that under the federal constitution, Petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III. Discussion

**A. Claims # 2 and # 5: Procedural default.**

Respondent contends that Petitioner's second claim involving pre-arrest delay and his fifth claim alleging prosecutorial misconduct are procedurally defaulted.

In rejecting Petitioner's pre-arrest delay claim, the Michigan Court of Appeals reviewed the issue for plain error because Petitioner failed to move for dismissal of the charges on the basis of pre-arrest delay or otherwise raise the issue in the trial court. *See Carrodine,* Slip. Op. at * 1. The Michigan Court of Appeals likewise reviewed Petitioner's prosecutorial misconduct claim for plain error because Petitioner failed to object to the alleged misconduct. *Id.,* at * 4.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can

5

demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to file a motion to dismiss or otherwise raise the issue before the trial court, Petitioner had not preserved his pre-arrest delay claim. The Michigan Court of Appeals likewise concluded that by failing to object at trial, Petitioner had not preserved his prosecutorial misconduct claim. The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's pre-arrest delay and prosecutorial misconduct claims does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of

6

Petitioner's claims for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001).  In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of Petitioner's claims in the alternative does not mean that the claims were not procedurally defaulted.  A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991).  Petitioner's pre-arrest delay and prosecutorial misconduct claims are procedurally defaulted.

Petitioner offered no reasons for his failure to properly preserve his pre-arrest delay and prosecutorial misconduct claims.  Although ineffective assistance of counsel may constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Although Petitioner raised an ineffective assistance of counsel claim on his appeal involving counsel's failure to request a jury instruction on mere presence, he never raised a claim that trial counsel was ineffective for failing to challenge the pre-arrest delay or for failing to object to prosecutorial misconduct.  Because Petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to the alleged pre-arrest delay or the prosecutorial misconduct, any alleged ineffectiveness of counsel cannot constitute cause to excuse Petitioner's default with respect to these particular claims. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006).

7

Petitioner failed to allege any reasons to excuse his procedural default.  Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his pre-arrest delay and prosecutorial misconduct claims. *Smith*, 477 U.S. at 533.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his pre-arrest delay and prosecutorial misconduct claims as a ground for a writ of habeas corpus in spite of the procedural default.  Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review Petitioner's procedurally defaulted claims on the merits. *See Campbell v. Grayson,* 207 F. Supp. 2d 589, 597-98 (E.D. Mich. 2002).

Finally, assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).  For the reasons stated by the Michigan Court of Appeals in rejecting Petitioner's pre-arrest delay and prosecutorial misconduct claims when addressing the merits of these claims in the alternative, *See Carrodine,* Slip. Op. at * 2-4, as well as for the reasons stated by the Respondent in their answer to the petition, Petitioner failed to show that his claims have any merit.  The reasons justifying the denial of Petitioner's pre-arrest delay and prosecutorial misconduct claims were "ably

8

articulated by the" Michigan Court of Appeals, therefore, "the issuance of a full written opinion" by this Court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *See Bason v. Yukins,* 328 Fed. Appx. 323, 324 (6th Cir. 2009).

Petitioner's second and fifth claims are barred by procedural default and do not warrant relief.

**B.  Claim # 1: Great weight of the evidence.**

In his first claim, Petitioner alleges that the jury verdict went against the great weight of the evidence.  Specifically, Petitioner says there were no eyewitnesses to the crime and the sole evidence against him was his own DNA that had been taken from a one-centimeter semen stain found on the heel of the victim's sock.  Petitioner also argues that his trial expert so impeached the police serologist's testimony concerning the quality of the semen sample and how it got on the victim's sock that his own expert deprived the police serologist's testimony of any probative value.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *See also Artis v. Collins,* 14 Fed. Appx. 387 (6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence).  A claim that a verdict went against the great weight of the evidence is not of constitutional dimension for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is

raised. *Cukaj,* 305 F. Supp. 2d at 796; *See also Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict Petitioner of these crimes, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.*

To the extent Petitioner challenges the sufficiency of the evidence to convict him, he is not entitled to habeas relief. It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But, the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision which rejects a sufficiency of the evidence claim, simply because the federal court

disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Here, there was sufficient evidence to convict Petitioner of these crimes.  In addition to the DNA evidence, there was trial evidence which established Petitioner's presence near the vicinity of the crime; this contradicted his claim that he was working at the time of the offense.  Most importantly, Petitioner admitted to two fellow inmates that he killed the victim. *Carrodine,* Slip. Op. at * 5.

Eyewitness identification is not necessary to sustain a conviction. *See United States v. Brown,* 408 F. 3d 1049, 1051 (8th Cir. 2005); *Dell v. Straub,* 194 F. Supp. 2d at 648.  The DNA evidence was sufficient in and of itself to establish Petitioner's identity as the perpetrator. *See e.g. U.S. v. Seawood,* 172 F. 3d 986, 988 (7th Cir. 1999).  In addition, "[A]n admission by the accused identifying himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F. 2d 490, 494 (8th Cir. 1979).

11

Petitioner's admissions to the crime were sufficient to sustain the jury's verdict, particularly when coupled with the DNA evidence.

To the extent that Petitioner challenges the credibility of the prosecution witnesses, he would not be entitled to relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Any insufficiency of evidence claim that rests on an allegation of the witnesses' credibility, which is the province of the finder of fact, does not entitle a habeas petitioner to relief. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005). Petitioner is not entitled to habeas relief on his first claim.

### C. Claim # 3: Motion to suppress.

Petitioner next alleges that the trial court erred in failing to suppress statements that he had made to the police, on the ground that the police continued to question Petitioner after he invoked his right to counsel.

The following exchange occurred during defendant's police interview:

Sergeant Teddy: [I]f it wasn't you that killed her, then the time frame is so short, you would've run into the killer coming in and out of that apartment.

Petitioner: See, I don't-see, I don't-see, right now, I gotta say, on there I need a lawyer or whatever. Because I don't know how long it take or

12

whatever.  I don't I'm not even saying that I actually-you know what I mean? 'Cause I-'cause I-right now, like I-but see-you all got-if-if-....

(Tr. 5/18/2006, p. 201).

Petitioner, however, continued speaking at great length with the detective

about the case. (*Id.,* pp. 201-299).

The Michigan Court of Appeals rejected Petitioner's claim:

Here, the trial court did not clearly err in finding that defendant's passing reference to a lawyer was not an unequivocal invocation of the right to counsel.  After making the reference and before any further questioning by the interrogating officer, defendant continued his lengthy explanation in response to the officer's question.  Under the circumstances, it was reasonable for the officer to believe that defendant's passing reference to a lawyer was not intended as an unambiguous expression of a present desire for counsel.  Therefore, the trial court did not err in denying defendant's motion to suppress.

*Carrodine,* Slip. Op. at 4 (internal citation omitted).

It is true that once an accused invokes his right to counsel during custodial

interrogation, that interrogation must cease until counsel is made available, unless the

accused initiates further conversation with the police. *Edwards v. Arizona*, 451 U.S. 477,

484-85 (1981).  However, the "[i]nvocation of the *Miranda* right to counsel 'requires, at

a minimum, some statement that can reasonably be construed to be an expression of a

desire for the assistance of an attorney.'" *Davis v. United States*, 512 U.S. 452, 459

(1994) (*quoting McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991)).  The suspect's

statement "must unambiguously request counsel." *Id.* at 459.  Additionally, "[u]nless the

suspect actually requests an attorney, questioning may continue." *Id.* at 462.

13

The trial court judge and the Michigan Court of Appeals did not unreasonably apply clearly established federal law in finding that Petitioner did not clearly and unequivocally invoke his right to counsel, because fairminded jurists could conclude that Petitioner's passing reference to an attorney was not an unambiguous request to speak with counsel. Indeed, in *Davis,* the Supreme Court concluded that the defendant's statement "Maybe I should talk to a lawyer" was not an unequivocal request for counsel. *Davis,* 512 U.S. at 462.

Other cases have found similar language to be too equivocal to amount to an unambiguous request to speak to counsel, so as to require the police to cease their interrogation. *See U.S. v. Amawi,* --- F.3d ----, No. 2012 WL 3602313, * 20-21 (6th Cir. August 23, 2012)(defendant's statements during *Miranda* warning, that "I'm going to wait" and asking "is there a lawyer on board" were neither clear nor unequivocal invocation of the right to remain silent or the right to counsel, as would warrant suppression of inculpatory statements made on board jet from Jordan to United States from prosecution for conspiracy to kill and maim persons outside the United States)*;Rogers v. Kerns,* No. 2012 WL 2126355, * 8 (6th Cir. June 12, 2012)(habeas petitioner's inquiry after signing his *Miranda* waiver form and immediately before confessing "I can't write this with a lawyer or anybody[?]," was not an unequivocal invocation of the right to counsel); *Cornelison v. Motley,* 395 Fed.Appx. 268, 274 (6th Cir. 2010)(habeas petitioner's comment "What if I want my lawyer present first?" too ambiguous to require the police to terminate their interrogation, particularly where

14

petitioner proceeded afterward to fill out waiver form and then indicated he wished to speak with the police); *Ledbetter v. Edwards,* 35 F.3d 1062, 1070 (6th Cir. 1994)(defendant's statement during police interrogation, that "it would be nice" to have an attorney, was too ambiguously worded to require police to stop questioning defendant); *U.S. v. Mullikin*, 534 F. Supp. 2d 734 (E.D. Ky. 2006)(defendant's equivocal and ambiguous statement to arresting officer that "I think I might need a lawyer" did not invoke right to counsel).

In light of these cases, Petitioner is unable to show that the state courts' conclusion that Petitioner did not actually invoke his right to counsel "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

Moreover, Petitioner is unable to show how he was prejudiced by the admission of his statements to the police, because Petitioner never actually confessed to sexually assaulting or murdering the victim.  For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  Even if Petitioner was interrogated in violation of *Edwards v. Arizona*, the admission of his statements to the police did not have a substantial and injurious influence or effect on his jury, in light of the far more incriminating evidence that was introduced against Petitioner at his trial, including the DNA evidence and his

15

admissions to his fellow jail inmates. *See Kyger v. Carlton,* 146 F. 3d 374, 382-83 (6th Cir. 1998).  Petitioner is not entitled to habeas relief on his third claim.

### D.  Claim # 4: Ineffective assistance of counsel.

Petitioner next contends that his trial counsel was ineffective for failing to request a mere presence instruction, as part of the trial court's instruction on aiding and abetting.  The Michigan Court of Appeals rejected Petitioner's claim:

> The trial court instructed the jury on aiding and abetting because of evidence that defendant allegedly indicated that someone else was also involved in the crime.  However, the defense theory at trial was that defendant was not present during the commission of the crime.  Defendant has not overcome the presumption that defense counsel declined to request an instruction on mere presence as a matter of strategy, to avoid any suggestion that defendant may have been present during the offense.  Accordingly, defendant has not established that defense counsel was ineffective.

> *Carrodine,* Slip. Op. at * 5.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that

16

such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a

17

*Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

> Because of this doubly deferential standard, the Supreme Court has indicated that:
>
> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel' s actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.
>
> *Harrington v. Richter*, 131 S. Ct. at 788.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster,* 131 S. Ct. 1388, 1407 (2011).

Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast doubt on a trial that took place" almost four years ago "is precisely what *Strickland* and AEDPA seek to prevent." *Harrington v. Richter*, 131 S. Ct. at 789.

Petitioner's defense at trial was that he did not sexually assault or murder the victim and was not even present when she was assaulted and killed. Trial counsel's decision not to request an instruction on mere presence was a valid strategic decision in light of the defense raised at trial that Petitioner was neither present nor had any

18

involvement in the sexual assault and the murder. *See e.g. U.S. v. Chambers,* 918 F.2d 1455, 1461-62 (9th Cir. 1990)(Trial counsel was not ineffective in failing to request "mere presence, proximity and association" instruction on possession in narcotics prosecution where counsel chose to pursue different line of defense attacking identity of perpetrator rather than defendant's possession of narcotics). The Michigan Court of Appeals' rejection of Petitioner's claim was not an unreasonable application of *Strickland*, so as to entitle Petitioner to relief on his claim.

### E.  Claim # 6: Cumulative errors.

Finally, Petitioner contends that he is entitled to habeas relief because of the cumulative effect of errors in his case.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F. 3d 250, 256 (6th Cir. 2005). Therefore, Petitioner is not entitled to habeas relief on this ground.

### IV.  Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been

resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). A certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, but a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's

20

resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  **ORDER**

The Petition for Writ of Habeas Corpus is **DENIED**, as well as a Certificate of Appealability.

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 7, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and James Edward Carrodine by electronic means or U.S. Mail on November 7, 2012.

S/Linda Vertriest
Deputy Clerk

21